502 A.2d 181

COMMONWEALTH of Pennsylvania

v.

Timothy S. FENSTERMAKER, Edward Grey and Brent A. Smith; Call-Chronicle Newspapers, Inc., Intervenor. Appeal of CALL–CHRONICLE NEWSPAPERS, INC., Intervenor.

COMMONWEALTH of Pennsylvania, Appellant

v.

Timothy S. FENSTERMAKER, Edward Grey, Brent A. Smith.

COMMONWEALTH of Pennsylvania

v.

Timothy S. FENSTERMAKER, Edward Grey and Brent A. Smith. Appeal of Timothy S. FENSTERMAKER.

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed Oct. 25, 1985.

Reargument Denied Jan. 7, 1986.

Malcolm J. Gross, Allentown, for appellant (at 1244) and for appellee (at 1245 & 1312).

William H. Platt, District Attorney, Allentown, for Commonwealth, appellant, (at 1245) and for Commonwealth, appellee (at 1244 & 1312).

Dianne M. Dickson, Allentown, for appellant (at 1312) and for appellee (at 1244 & 1245).

Before SPAETH, President Judge, and JOHNSON and SHOYER *, JJ.

SPAETH, President Judge:

■ This case arises on three appeals, which have been consolidated, from an order entered in response to a motion of Call-Chronicle Newspapers, Inc., for permission to inspect and copy the affidavits of probable cause supporting the arrest warrants of defendants Timothy S. Fenstermak-

---

* Honorable KENDALL H. SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

er, Edward Grey, and Brent A. Smith. The order provides: that the district attorney and defense counsel may within a reasonable time file with the district justice who issued the warrants an affidavit or other certified statement setting forth reasons why the affidavits should be sealed from public inspection; that if such a statement is filed, the district justice shall seal the affidavits, with leave to any interested person to appeal to the trial court; but that if no such statement is filed, the district justice shall not prohibit public inspection of the affidavits. The Commonwealth, defendant Fenstermaker, and Call-Chronicle have appealed. On the Commonwealth's and defendant Fenstermaker's appeals, we hold that Call-Chronicle has a right under the First Amendment to inspect the affidavits, but that this right is qualified by defendant Fenstermaker's right under the Sixth Amendment to a fair trial. On Call-Chronicle's appeal, we hold that the trial court's order represents an appropriate accommodation of these respective rights. Accordingly, we affirm.

The three defendants were arrested on February 17, 1984, and charged with criminal homicide and rape. The district justice who issued the arrest warrants refused to permit Call-Chronicle to inspect and copy the affidavits supporting the arrest warrants. Call-Chronicle moved to intervene, and after the trial court granted the motion, moved for permission to inspect and copy the affidavits. On April 13, 1984, the trial court, BACKENSTOE, P.J., issued the order that we have just summarized,[1] and these appeals followed.[2]

1. The trial court based its order, if not principally at least in important part, on its conclusion that there is a common law right to inspect and copy public documents. We do not base our decision on this ground. While we acknowledge "that the courts of this country recognize a general right to inspect and copy public documents and records, including judicial records and documents," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), we find that under Pennsylvania law the scope of the common law right to inspect public records is unclear. *See Wiley v. Woods,* 393 Pa. 341, 349–50, 141 A.2d 844, 848–49 (1959) (collecting cases).

2. The trial court suggested that the issue of Call-Chronicle's right of access to the affidavits may be moot because Call-Chronicle may have

In *Commonwealth v. Buehl,* 316 Pa.Super. 215, 462 A.2d 1316 (1983), this court held that the public has a First Amendment right to attend pretrial proceedings. We found that the societal interests identified by the United States Supreme Court in *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), as requiring public criminal trials equally required public criminal pretrial proceedings. As described by the Court in *Richmond Newspapers,* these interests include the "assurance that the proceedings were conducted fairly to all concerned[,] ... discourage[ment of] perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Id.* at 984 (BURGER, C.J., plurality). *See also Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 823, 78 L.Ed.2d 629 (1984) ("[o]penness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system"); *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) ("[p]ublic scrutiny of a criminal trial enhances the quality ... of the factfinding process, ... fosters an appearance of fairness ... [and] permits the public to participate in and serve as a check upon the judicial process").

Although the United States Supreme Court has not yet definitively ruled on the applicability of the First Amendment to pretrial proceedings,[3] several Courts of Appeals have extended the rationale of *Richmond Newspapers* to such proceedings. *See, e.g., In Re Application of Herald*

already obtained the information in the affidavits. The court decided, however, that the issue should nevertheless be decided on its merits because it was "'capable of repetition yet evading review.'" *Commonwealth v. Fenstermaker,* 40 Lehigh L.J. 557, 558 (1984) (quoting *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911)). We agree.

**3.** In *Press-Enterprise,* the Court held that the First Amendment guaranteed a public voir dire but implied that the voir dire was part of the trial itself. *See also Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (defendant's Sixth Amendment right to public trial extends to suppression hearing).

*Co.*, 734 F.2d 93 (2d Cir.1984); *In Re Globe Newspaper Co.*, 729 F.2d 47 (1st Cir.1984); *United States v. Brooklier*, 685 F.2d 1162 (9th Cir.1982); *United States v. Criden*, 675 F.2d 550 (3d Cir.1982). It has further been held that "there is no reason to distinguish between pretrial proceedings and the documents filed in respect to them." *Associated Press v. United States District Court for the Central District of California*, 705 F.2d 1143, 1145 (9th Cir.1983). In *Associated Press*, the court noted that "pretrial documents ... are often important to a full understanding of the way in which 'the judicial process and the government as a whole' are functioning." *Id.*, at 1145. *See also In Re Globe Newspaper Co.*, *supra* at 52 ("the public has a First Amendment right of access to pretrial proceedings setting and modifying bail, and to the documents on which bail decisions are based ..."); *State v. Vincent A. Cianci*, 496 A.2d 139 (R.I.1985) (press and public has First Amendment right to inspect pretrial discovery documents); *but see United States v. Stoneman*, 602 F.Supp. 388 (M.D.Pa.1985). On the specific issue before us, two state courts have found a First Amendment right of access to probable cause affidavits filed in support of arrest warrants. In *Vermont v. Mitchell*, 10 Med.L.Rptr. 2442, 2445 (Vt.Dist.Ct.1984), the court stated that "assuming that there is a First Amendment right of access to judicial proceedings in general, it follows logically that documents relating to those proceedings should likewise be accessible." *See also Journal Newspapers, Inc. v. Maryland*, 54 Md.App. 98, 456 A.2d 963, *aff'd. sub nom. Buzbee v. Journal Newspapers, Inc.*, 297 Md. 68, 465 A.2d 426 (1983). *But see Vermont v. Schaefer*, 11 Med.L.Rptr. 1281 (Vt.Dist.Ct.1984).

We find the reasoning of *Associated Press* and of the other cases like it persuasive when applied to probable cause affidavits.[4] As the trial court observed: "[p]ublic

4. We recognize that there is some dispute whether supporting affidavits are actually filed in Pennsylvania. On this issue we adopt the analysis of the trial court, *see* 40 Lehigh L.J. at 560–62, but in any event, probable cause affidavits are unquestionably pretrial doc-

access to the document may help provide a check upon possible violations of the fundamental requirement that a warrant of arrest is not issued upon anything less than probable cause. Also, respect for the judicial process may not fully exist if the paper upon which many criminal proceedings commence is unconditionally barred from public scrutiny... Further, access to such affidavits provides an opportunity of some public scrutiny of police conduct, activity by a branch of government that often operates outside of the general public view." 40 Lehigh L.J. at 565–66.

■ The constitutional dimensions of this right do not render it absolute, however; defendant's Sixth Amendment right to a fair trial must also be considered. Accordingly, where the First and Sixth Amendments conflict, a court may in appropriate circumstances order records sealed. *See Nixon v. Warner Communications, Inc.*, 435 U.S. at 598–99, 98 S.Ct. at 1312. Here, the trial court recognized that if Call-Chronicle exercised its First Amendment right of access to the affidavits, it might deny defendant his Sixth Amendment right to a fair trial by generating pretrial publicity revealing "prior criminal records, alleged statements or confessions of the accused, or other information which could be inadmissible at trial." 40 Lehigh L.J. at 563. The court nevertheless properly rejected the Commonwealth's and defendant's argument that this possibility required permanently closing all probable cause affidavits from public scrutiny. "Though, in our constitutional scheme, '[n]o right ranks higher than the right of the accused to a fair trial', ... speculative threats to that right have never been sufficient to overcome ... First Amendment rights...." *United States v. Martin*, 746 F.2d 964,

uments. Contrary to defendant's contention, the Criminal History Record Information Act, 18 Pa.C.S. § 9101 *et seq.*, which prohibits the release of certain information, does not bar access to the affidavits, for it expressly does not apply to "any documents, records or indices prepared or maintained by or filed in any court of this Commonwealth, including but not limited to the minor judiciary." 18 Pa.C.S. § 9104(a)(2).

972 (3d Cir.1984) (quoting *Press-Enterprise Co. v. Superior Ct., supra* ). In many circumstances, pretrial publicity can be effectively countered by change of venue, voir dire, or jury instructions. *See, e.g., United States v. Criden,* 675 F.2d at 562.

■ We are satisfied that the procedure provided by the trial court in its order will not only further open judicial process, *Commonwealth v. Buehl, supra,* but will also protect defendant's Sixth Amendment right to a fair trial.[5] Both the prosecutor and defense counsel may, on a showing of good cause,[6] have the affidavits in support of the arrest warrants sealed. Experience may show that the trial court's order should be modified to provide specific time limits, for example, that upon issuance of an arrest warrant, the affidavits in support of the warrant shall remain sealed for 60 hours after defense counsel has been appointed or retained, but shall be open to public scrutiny if within that period neither the prosecutor nor defense counsel files a certified statement setting forth reasons why the affidavits should remain sealed. We think, however, that we may leave such possible modification to the discretion of the trial court, which has demonstrated its awareness of the necessity to protect both the public's and the defendant's rights.

Affirmed.

5. We do not read *Commonwealth v. Pierce,* 451 Pa. 190, 303 A.2d 209, *cert. denied, Pennsylvania v. Pierce,* 414 U.S. 878, 94 S.Ct. 164, 38 L.Ed.2d 124 (1973), as barring public access to affidavits. In *Pierce* the Court was principally concerned with inflammatory statements by the police and district attorney.

6. Like the trial court, we choose not to provide "a detailed list of all of the circumstances warranting the limitation or denial of public access.... Each case may present its own unique factual situation affecting the decision of the issue of access." 40 Lehigh L.J. at 564, n. 3.