# Barbara Greenwood v. Hon. Joseph J. Wolchik, Judge, Vermont District Court

[544 A.2d 1156]

No. 87-423

Present: Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed February 5, 1988

Motion for Reargument Denied March 17, 1988

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Petitioner.

*James C. Gallagher* and *Andre D. Bouffard* of *Downs Rachlin & Martin*, St. Johnsbury, for Intervenor Caledonian Record.

*Robert B. Hemley* and *Dennis R. Pearson* of *Gravel and Shea*, Burlington, for Intervenor Gannett S.I.N. Inc., d/b/a the Free Press.

**Allen, C.J.** Petitioner seeks extraordinary relief pursuant to V.R.A.P. 21(b) from the trial court's denial of her motion to continue its order sealing the affidavits of probable cause in her case. We deny her request for relief.

Petitioner is charged, in Vermont District Court, Unit No. 3, Caledonia Circuit, with murder in the first degree. At her arraignment, petitioner moved the trial court to seal the affidavits of probable cause. She argued that if the contents of the affidavits became public, it would jeopardize her right to a fair trial, guaranteed by the Sixth Amendment to the United States Constitution. The trial court granted her request temporarily, informed members of the press and public of the order and thereafter held a hearing on the issue of whether the affidavits should remain

sealed. At the hearing, the trial court refused to continue the sealing order, and petitioner sought relief in this Court. We accepted her complaint for extraordinary relief and continued the sealing order pending our ultimate decision.

We noted, in *State* v. *Tallman*, 148 Vt. 465, 472, 537 A.2d 422, 427 (1987), that the public has a "constitutional and common law right of access to court records and proceedings." " '[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.' " *Id.* at 472, 537 A.2d at 426 (quoting *Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). In analyzing the question of public access to suppression motions and affidavits of probable cause, we noted that:

> [W]e start with the presumption that pretrial proceedings and documents are open to the public, closure being the exception rather than the rule. . . . This is because "[o]penness . . . enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."

*Id.* at 474, 537 A.2d at 427 (quoting *Press-Enterprise Co.* v. *Superior Court of California*, 464 U.S. 501, 508 (1984) (*Press-Enterprise I*) (citation omitted)).

Petitioner asks the Court to articulate a new rule: that affidavits of probable cause be kept confidential upon a defendant's request until a jury is empaneled or the case is disposed of by plea. We decline to fashion such a rule.

Petitioner argues that her Sixth Amendment right to a fair trial would be protected if she were indicted but is not when she is charged by information. Under *Tallman*, 148 Vt. at 473, 537 A.2d at 427, the affidavits of probable cause may become public documents after a judicial officer has made a finding of probable cause, while the evidence presented to the grand jury remains secret, pursuant to V.R.Cr.P. 6(f). In Vermont, the prosecuting officer has the option of prosecuting any offense by indictment or information. V.R.Cr.P. 7(a). Petitioner argues that her protection from adverse pretrial publicity should not turn on whether the prosecutor chose to charge her by an indictment or by an information.

The purpose of grand jury secrecy, however, is not to protect a defendant from adverse pretrial publicity:

[W]e have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co.* v. *Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979) (footnote omitted). Thus, grand jury proceedings are secret to ensure the effectiveness of the grand jury, not to protect a defendant charged by the grand jury from adverse pretrial publicity.

In addition to rejecting petitioner's grand jury analogy, we find sound reasons to decline to formulate the rule petitioner seeks. The press and public have an " 'implicit First Amendment right' " of access to criminal trials. *Press-Enterprise Co.* v. *Superior Court of California*, 478 U.S. 1, 7, 106 S. Ct. 2735, 2740 (1986) (*Press-Enterprise II*) (quoting *Waller* v. *Georgia*, 467 U.S. 39, 46 (1984)). In analyzing a claim of a First Amendment right of access to a criminal proceeding other than a trial, the United States Supreme Court noted that "our decisions have emphasized two complementary considerations. . . . whether the place and process has historically been open to the press and general public. . . . [and] whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* at 8, 106 S. Ct. at 2740 (citations omitted). Although *Press-Enterprise II* involved in-court proceedings rather than documents, the factors the Court considered there are equally applicable to documents.

With regard to the first prong of the analysis, we noted in *Tallman* that "[w]e see little value in attempting to determine whether the public would have been afforded access to pretrial suppression hearings had they always been a part of the criminal prosecution." *Tallman*, 148 Vt. at 470, 537 A.2d at 425. As with

suppression hearings, affidavits of probable cause are relatively recent additions to criminal prosecutions. Thus, it would be fruitless to engage in historical analysis.

We turn then to the second prong of the analysis: whether public access to affidavits of probable cause plays a significant positive role. We stated in *Tallman*, "[t]he presumption of openness has long been recognized as an indispensable attribute of an Anglo-American trial. '[I]t gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality.'" *Id.* at 471, 537 A.2d at 425-26 (quoting *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 569 (1980)). Public access to affidavits of probable cause is all the more important because the process of charging by information involves no citizen involvement, such as is present with juries and grand juries:

> "Secrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges; free and robust reporting, criticism, and debate can contribute to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system, as well as improve the quality of that system by subjecting it to the cleansing effects of exposure and public accountability."

*Sunday* v. *Stratton Corp.*, 136 Vt. 293, 306, 390 A.2d 398, 405 (1978) (quoting *Nebraska Press Association* v. *Stuart*, 427 U.S. 539, 587 (1976) (Brennan, J., concurring)).

Another court, faced with the question of whether the public should have access to affidavits of probable cause, found that:

> "[p]ublic access to the document may help provide a check upon possible violations of the fundamental requirement that a warrant of arrest is not issued upon anything less than probable cause. Also, respect for the judicial process may not fully exist if the paper upon which many criminal proceedings commence is unconditionally barred from public scrutiny."

*Commonwealth* v. *Fenstermaker*, 348 Pa. Super. 230, 234-35, 502 A.2d 181, 184 (1985) (quoting *Commonwealth* v. *Fenstermaker*, 40 Lehigh L.J. 557, 565-66 (1984)).

For all the foregoing reasons, we reject petitioner's argument that affidavits of probable cause should be sealed, at a defendant's request, until a jury is empaneled or the case is disposed of with a plea. The press and public have a qualified right of access to affidavits of probable cause, which must be balanced with the defendant's Sixth Amendment right to a fair trial. *Tallman*, 148 Vt. at 473, 537 A.2d at 427.

In this case, the trial court balanced these competing constitutional interests and found that petitioner presented evidence of no more than the "mere possibility of prejudice." Petitioner does not challenge this characterization. The evidence offered in support of the continued sealing of the affidavits consisted of two front page stories in the newspaper of one of the intervenors and evidence that this newspaper reached half of the homes in the county where the alleged offense occurred. This mere possibility did not rise to the level required by either opinion of this Court in *Tallman*, 148 Vt. at 474, 537 A.2d at 428; *id.* at 478, 537 A.2d at 430 (Allen, C.J., concurring).* We need not decide the question, left open in *Tallman*, as to the showing a defendant seeking closure must make, because petitioner does not raise it.

The trial court correctly denied petitioner's motion to continue the order sealing the affidavits of probable cause.

*Petitioner's request for extraordinary relief is denied.*

**Mahady, J.**, concurring. I concur in the result reached by the Court. I concur as well in the essential holding of the Court that affidavits of probable cause must not be sealed at a criminal defendant's request until a jury is empaneled or the case is disposed of with a plea.

**Peck, J.**, dissents without opinion.

---

* Further, even were we to agree wtih petitioner that her right to a fair trial would be prejudiced by disclosure of the contents of the affidavits, the record before this Court does not disclose any claim or showing that reasonable alternatives to closure could not adequately protect her fair trial rights. *Tallman*, 148 Vt. at 474, 537 A.2d at 428; *id.* at 478, 537 A.2d at 430 (Allen, C.J., concurring).