NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 43

No. 2019-005

| | |
|---|---|
| In re Affidavit of Probable Cause (Jacob Oblak, Appellant) | Supreme Court<br><br>On Appeal from<br>Superior Court, Chittenden Unit, Civil Division<br><br>May Term, 2019 |

Kevin W. Griffin, J.

Jacob Oblak, Pro Se, Essex Junction, Plaintiff-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **SKOGLUND, J.** In this matter, Jacob Oblak petitioned the superior court for access to an affidavit of probable cause filed in a criminal case and was denied. He appeals to this Court and argues that Vermont Rule of Public Access to Court Records 6(b)(24), which excludes from public access records filed in a criminal proceeding when no probable cause has been found, was not intended "to transform traditionally public documents [including affidavits of probable cause] into secret ones." He further argues that the lower court's interpretation of Rule 6(b)(24) violates the First Amendment. Because we find that the lower court should have considered his petition in light of the "Exceptions" provisions of Rule 7, we reverse and remand. V.R.P.A.C.R. 7(a)(3).

¶ 2. Petitioner sought access to the affidavit of probable cause filed in connection with a criminal charge of disorderly conduct against W.R. and the court's decision wherein it found no

probable cause in that matter. According to the petitioner, the incident that formed the basis for the allegation against W.R. had garnered much public and press attention. For his own purposes, petitioner sought the documents from the criminal-division clerk twice. The first time he requested the documents, the clerk explained that the court had no record of any case involving W.R. Petitioner returned the next day and spoke with a different clerk. Petitioner asked what procedure was available to petition the court to unseal a sealed record and was told that no remedy was available to him and that the court had no record to unseal concerning W.R. Pursuant to Rule 6(h), petitioner appealed the denial of access to the records to the civil division, which the civil division denied. Petitioner timely appealed said denial to this Court.

¶ 3.     In this matter, there are no factual issues in dispute and the petition raises a pure question of law as to the public's right of access to court records. We review questions of law de novo, which is nondeferential and plenary. Rhoades Salvage/ABC Metals v. Town of Milton Selectboard, 2010 VT 82, ¶ 6, 188 Vt. 629, 9 A.3d 685 (mem.) (citing Searles v. Agency of Transp., 171 Vt. 562, 562, 762 A.2d 812, 813 (2000) (mem.) ("The relevant facts, set forth above, are not in dispute; therefore, the issue is one of law, and our review is nondeferential and plenary.")).

¶ 4.     The fulcrum of this matter is the Vermont Rules of Public Access to Court Records (PACR).[*] In 2001, this Court enacted the rules to "govern access by the public to the records of all courts and administrative offices of the Judicial Branch of the State of Vermont," and announced that "[t]hey shall be liberally construed in order to implement the polices therein."

---

[*] On May 1, 2019, this Court promulgated amended Rules for Public Access to Court Records, which go into effect on July 1, 2019. The rules cited in this opinion refer to those in effect prior to the amendment. While the numbers and text of some rules have changed, the substance of the applicable rules have not.

We do not consider 13 V.S.A. § 7603 because it was not in effect when the finding of no probable cause was made in this case.

V.R.P.A.C.R. 1. Rule 4 explains that "[e]xcept as provided in these rules, all case and administrative records of the Judicial Branch shall be open to any member of the public for inspection or to obtain copies." Rule 6, titled "Case Records," reiterates the policy that "[t]he public shall have access to all case records" per the rules' provisions, but then outlines thirty-five exclusions to this general policy. Rule 6(b)(24), the exclusion at issue in this appeal, excludes from public access:

> Records filed in court in connection with the initiation of a criminal proceeding, if the judicial officer does not find probable cause to believe that an offense has been committed and that defendant has committed it, pursuant to Rule 4(b) or 5(c) of the Vermont Rules of Criminal Procedure.

¶ 5. When discussing the Rule 6(b)(24) exclusion, the Reporter's Notes state "[n]o statute or rule restricts public access to such records." Rather, "[t]his exception [was] based on the [drafting] Committee's determination that records filed in court in connection with the initiation of a criminal case should not be open to the public until and unless a judicial officer finds that 'there is probable cause to believe that an offense has been committed and that the defendant has committed it.' " Reporter's Notes, V.R.P.A.C.R. 6 (quoting V.R.Cr.P. 4(b)). This Court adopted the rules as proposed by the Committee.

¶ 6. As a preliminary matter in its order denying petitioner access to the requested documents, the court noted that the affidavit and court decision requested were not sealed, but instead were specifically restricted from public access under Rule 6(b)(24). Quoting from In re Sealed Documents, 172 Vt. 152, 160, 772 A.2d 518, 526 (2001), the court reiterated "[t]he common law has long recognized that courts are possessed of an inherent authority to deny access to otherwise public court records when necessary to serve overriding public or private interests" to support its conclusion that denial of access to the requested records was appropriate in accordance with the rule.

3

¶ 7. The court then turned to petitioner's First Amendment argument. The court explained that when addressing the openness of court proceedings based on the First Amendment in the first instance, the United States Supreme Court has looked to history to determine whether a public right of access exists. See, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980) ("From this unbroken, uncontradicted history, supported by reasons as valid today as in centuries past, it must be concluded that a presumption of openness inheres in the very nature of a criminal trial under this Nation's system of justice."). The court also referenced Greenwood v. Wolchick, wherein we wrote:

> In analyzing a claim of a First Amendment right of access to a criminal proceeding other than a trial, the United States Supreme Court noted that our decisions have emphasized two complementary considerations[:] whether the place and process has historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question.

149 Vt. 441, 443, 544 A.2d 1156, 1158 (1988) (quotation and alterations omitted). The court then held that petitioner failed to show that records of criminal proceedings where no probable cause was found have historically been open to the press and general public.

¶ 8. The court next looked to this Court's holdings in cases where public access to affidavits of probable cause was at issue, and noted that in those instances, this Court was not reviewing proceedings in which the trial court found that information or indictments were not supported by probable cause. See State v. Schaefer, 157 Vt. 339, 341, 599 A.2d 337, 344 (1991) (reviewing case where trial court granted motion to suppress and prosecutor dismissed charges); Wolchik, 149 Vt. at 445, 544 A.2d at 1158 (rejecting "petitioner's argument that affidavits of probable cause should be sealed, at a defendant's request, until a jury is empaneled or the case is disposed of with a plea"); State v. Tallman, 148 Vt. 465, 467, 537 A.2d 422, 423 (1987) (reviewing case where, after finding probable cause, trial court sealed affidavit of probable cause). The court declined to extend the holdings of those cases to this petition were no probable cause was found.

4

¶ 9.     On appeal, petitioner argues as noted above.  However, neither petitioner nor the court below considered whether Rule 7 should be engaged.  Rule 7 provides exceptions to the exclusionary Rule 6.  Pursuant to Rule 7(a), "the presiding judge by order may grant public access to a case record to which access is otherwise closed, may seal from public access a record to which the public otherwise has access or may redact information from a record to which the public has access."  "An order may be issued under this section only upon a finding of good cause specific to the case before the judge and exceptional circumstances."  V.R.P.A.C.R. 7(a).  And, "[i]n considering such an order, the judge shall consider the policies behind this rule."  Id.  This did not happen in this matter.

¶ 10.     While the exact policy considerations behind the rule excluding affidavits of probable cause is not made clear in the Reporter's Notes, there are many valid reasons that support exclusion to public disclosure.  When a person has been charged with a crime but a judicial officer has found no probable cause to believe that the offense was committed and that the defendant committed it, the person charged in the flawed affidavit may well deserve and desire to have their privacy protected.  Or the fact that rank hearsay is sometimes included in affidavits of probable cause may support a policy that protects those persons mentioned in affidavits.  However, it should be noted that a failure to find probable cause does not necessarily end a criminal matter—the State is free to bring the same charges again with better evidence that could support a finding of probable cause.

¶ 11.     In other situations where statutes or court rules make records or information confidential, the courts have authority to decide if openness is critical for the public understanding or confidence in the proceeding.  For example, 18 V.S.A. § 7103(a)(3) requires that all applications for hospitalization under the mental health statutes remain undisclosed unless a court determines "that disclosure is necessary for the conduct of the proceedings before it and that failure to make disclosure would be contrary to the public interest."

5

¶ 12. As to petitioner's claim that denial of access is a violation of his First Amendment right of access, we refer to our decision in In re Sealed Documents wherein we noted that the appellants, four media organizations, had a presumptive right of access to sealed search warrants and related materials under 4 V.S.A. § 693, the applicable statute at that time that provided for public inspection and examination of court records. 172 Vt. at 159, 772 A.2d at 525. We concluded that the trial court's rejection of appellants' First Amendment claim was amply supported: "The great weight of authority holds that pre-indictment search warrant materials have not 'historically been open to the press and general public,' . . . and therefore access is not compelled under the First Amendment." Id. at 155, 772 A.2d at 522 (quoting Press–Enter. Co. v. Superior Court, 478 U.S. 1, 8 (1986)). We further cited to Seattle Times Co. v. Eberharter, 713 P.2d 710, 715 (Wash. 1986) (en banc), where the court wrote "the deeply-rooted historical tradition and the role of public access in furthering the process itself . . . are not present in the probable cause determination [for issuance of search warrants]." And we cited to Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989), in which the court refused to recognize a common law right of access to pre-indictment search warrant materials "when there is neither a history of access nor an important public need justifying access."

¶ 13. The lower court properly employed a similar analysis in this case: looking at whether affidavits of probable cause have historically been open to the press and general public. However, we address issues of constitutional significance only when the matter is squarely and necessarily presented. Wood v. Wood, 135 Vt. 119, 121, 370 A.2d 191, 192 (1977). In this case, only one side, the petitioner, is arguing the issue. Because we remand for reconsideration of the request under the Rule 7 of PACR, we do not decide the constitutional issue at this time.

¶ 14. We remand this matter to the civil division of the superior court for a determination that circumstances exist that weigh in favor of or against access to the requested documents. The process contemplated by Rule 7(a) affords "[a]ll parties to the case to which the record relates, and

6

such other interested persons as the court directs . . . a right to notice and hearing before such order is issued." Arguably, this would include the state's attorney who filed the affidavit and W.R. and his counsel. We leave it to the court below to decide if other entities are necessary for resolution of this issue and to consider again petitioner's First Amendment challenge as part of the analysis under Rule 7. With proper parties present, the court will be able to assess whether "a specific showing of substantial harm to public or private interests" would overcome any right of access. In re Sealed Documents, 172 Vt. at 154, 772 A.2d at 521.

Reversed and remanded.

FOR THE COURT:

_____

Associate Justice

7